VIRGINIE TAUZIN, Wife of T. T. BOSSIER, *v.* A. S. DEBLIEUX, Adm'r.— A. DENNISON, Widow, Intervenor.

'1 he husband has the administration of his wife's dowry.

Where the wife's dowry consists of money, and the husband loans the money and takes a note therefor in his own name, the note is his property; the wife has no property in the note; her husband is indebted to her for the amount of money he has taken from her dowry.

APPEAL from the District Court, Parish of Natchitoches, *Chaplin,* J. *A. H. Pierson,* for appellant, Deblieux. *C. F. Dranguet,* for Intervenor. *H. Safford,* for appellee.

The facts are stated in the opinion of the Court.

LABAUVE, J. The plaintiff alleges in substance, that, after the death of her father, Louis Tauzin, her brother, Emile Tauzin, administered upon his estate, and was appointed her tutor. That about the month of May, 1860, her said tutor paid to her, on account of his indebtedness to her in that capacity, the sum of $4,500; that on the 8th May, 1860, she loaned this money to Suzette Buard, who executed her note in solido with Mathieu Hertzog for said sum, bearing eight per cent. interest from date, payable on the 8th May, 1861; that said note, for convenience of collection, was made to the order of her said brother, Emile Tauzin ; that before the maturity of said note, the said Emile Tauzin died, and this note was placed on the inventory of his estate as belonging to him or some third party.

She prays that the defendant be ordered to deliver said note to her, or its proceeds.

The defendant, Deblieux, answered by a general denial, but he admitted that the note of Madame Buard, claimed by plaintiff, was found in the succession of Emile Tauzin, and is payable to his order, and his succession appears to be entitled to the proceeds thereof.

In this suit intervened Azunia Dennison, wife of said Emile Tauzin, deceased.

She alleges substantially that she is the just and legal owner of the note sued for ; that in the spring of the year 1860, her tutrix, Celeste Dranguet, filed her final account of administration, and paid over to her said husband, in cash, a large amount of money, say $7,948, belonging to her; that the money for which the note was given, was a part of the same received as aforesaid ; that at the time of said investment, said Emile Tauzin had no funds of his own, nor other funds than the amount belonging to her, and that said note was really taken by him for her benefit, etc.

She prays that plaintiff's demand be rejected, and that judgment may be rendered in her favor, decreeing her to be the owner of said note, and

that Deblieux, administrator, be ordered to deliver the same to her.

The case was tried upon these issues, and the District Judge, after having heard the evidence, gave judgment in favor of plaintiff, Virginie Tauzin, for the note sued for ; from this judgment both the defendant and intervenor took this appeal.

We will first proceed to examine the claim of the plaintiff, Virginie Tauzin.

The evidence and admissions show that Emile Tauzin was administrator of Louis Tauzin, deceased, appointed as such on the 4th December, 1855, and that he was appointed as tutor of the said plaintiff, Virginie, on the 17th December, 1855. A tableau and accounts of the succession of Louis Tauzin were homologated on January 5th, 1861. Mrs. Buard owed a note of $5,000 to Choppin ; Mrs. Buard being called on for a settlement, Emile Tauzin was asked to procure the funds, he answered he had money, but that it belonged to his sister, Virginie, who being called on for the loan of $4,500, consented, and Mrs. Buard gave the note which was made payable to Emile Tauzin, who required the note to be payable to him ; Tauzin objected to the note being made payable to Virginie; Emile Tauzin paid the money; Hertzog came to Emile's, and he, Emile, counted the money to him ; he asked Emile why he did not make the note in Virginie's name ; he said it did not matter; that he would settle with her afterwards, as soon as he would know the exact amount coming to her; Emile was asked for a guarantee that the money would be coming to Virginie, and the memorandum marked C was made, it being the intention to serve as her guarantee; Emile said he would place the money at interest, and she would have the benefit of the interest, and at the settlement of the succession he would transfer the note ; this loan was intended for her benefit. The claims of Virginie against Emile Tauzin were based on her being one of the heirs of Louis Tauzin; the reason why $4,500 was agreed on between Emile and her as the amount coming to Virginie at that time was not known, was, that it was supposed that that would be about the amount coming to her after deducting $1,700, the price of a slave, and her store account ; the money never came to Virginie's hands, but passed from Emile's to Matt. Hertzog, subject to a settlement; the note never passed into Virginie's hands; it was signed and handed to Emile in May, 1860; this giving of money and taking the note, was subject to a settlement to be had hereafter ; Emile had no other money than what belonged to his wife ; he was married January, 1860, and he died about 20th February, 1861; the note was always in the possession of Emile; Virginie asked him for it before she left the house, and he refused to give it; that among the credits inventoried as belonging to the succession of Emile Tauzin, was found a note of Mrs. Buard for $4,500, with Mathieu Hertzog as security, dated 8th May, 1860, and due 8th May, 1861, with eight per cent. interest from date, and that said note is the one in controversy. It

is admitted that there has been no final settlement of the succession of Louis Tauzin, deceased, by Emile Tauzin, as his administrator, based on the final account homologated, and there has been no account of the tutorship of the plaintiff filed by Emile Tauzin. Emile said, before his death, that he was willing to give up the note in case of settlement, but that he could not get to any compromise; the money given for the note was belonging to Mrs. Azunia Dennison, wife of Emile Tauzin ; the plaintiff refused to take the note when offered to her, as she said the account was a false one; she said she had a copy of the account furnished by Emile Tauzin ; there never was a settlement between Emile Tauzin and Virginie.

The memorandum alluded to in the above admission, reads thus :

Je consens d'accepter en payment de mon avoir, ouvrant de la succession de feu Louis Tauzin, selon qu'il apparaitra sur le tableau final de la dite succession, un billet solidaire de Mad. Venar L. A. Buard et de Matheu Hertzog, fait en faveur d'Emile M. Tauzin et passé le 8 Mar. 1860, attendu que se dit billet depasse en couvreur le moutant de mon avoir, je lui rembourserai le surplus et dans le cas contraire, il se remboursera la différence; il est ainsi entendu que j'accepterai le billet au même taux d'interests reçus par lui.

(Signed)          Virginie Tauzin.

The whole of this transaction is simply this : Emile Tauzin was the administrator of Louis Tauzin's estate, and also tutor to the plaintiff, Virginie, who is an heir of said Louis Tauzin; but there was not any final settlement of said estate, nor any account rendered by said Emile of the tutorship of plaintiff, showing what was coming to her from said estate or from her tutor; the money loaned belonged to Emile, and the whole understanding was that, when, on a settlement, the amount coming to Virginie would be known, she was to take in payment said note, either party reimbursing the other the difference. The plaintiff did not give a receipt for the amount ; the note is given to Emile, who kept it all the time; the money was placed at the risk of Emile, and not of Virginie; the conduct of the parties and the written consent of Virginie, introduced in evidence, show that the whole amounted to a mere project, which depended upon the ascertaining of the share of said Virginie in the estate of her father, and coming to her through the hands of said Emile, her tutor. There is nothing in the record showing whether anything at all is coming to said Virginie. The admission shows that Emile, as tutor, had not rendered a full account of the tutorship, accompanied with a delivery of the vouchers; and this agreement or understanding is null and void, under Article 355 of Civil Code.

We conclude that plaintiff has no right to the note claimed by her.

We now come to the claim of Azunia Dennison, intervenor.

The said Azunia Dennison and the said Emile Tauzin, deceased, entered into a marriage contract, on the 15th February, 1860, where we find

the following clause :

The future wife brings into marriage certain effects, now in the hands of her tutrix, consisting of notes drawing interest of the capital sum of $9,248 83 and $318 17, in cash, as appears by an account of administration and tutorship filed by said tutrix, etc. Under the law, these effects and money formed a part of her dowry. C. C. Art. 2318.

The husband enjoys the dowry during the marriage. C. C. Art. 2327. The income or proceeds of the dowry belong to the husband. C. C. Art. 2329. The husband has alone the administration of the dowry. C. C. Art. 2330.

It is contended on the part of the intervenor that the money given for the note was a part of her dowry received by her husband, and that, therefore, the note is her property. We cannot maintain that position; the husband having received the money and used it in loaning it, (admitting that it was the same money, which is not proved) became responsible to her for the money, and she acquired no title to the note which was the property of the husband.

We are also of the opinion that the intervenor has failed in her demand. It is therefore ordered and decreed that the judgment appealed from be annulled and avoided. It is further adjudged and decreed that plaintiff's demand be dismissed. It is further decreed that the intervenor's demand be rejected, and that the plaintiff and intervenor pay costs, each one-half, in both Courts.